IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNCORK AND CREATE LLC,

          Plaintiff,

v.                                    CIVIL ACTION NO.   2:20-cv-00401

THE CINCINNATI INSURANCE
COMPANY, et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Plaintiff's *Motion to Amend the Court's November 4, 2020 Judgment of Dismissal Pursuant to Fed. R. Civ. P. 59(e) or, Alternatively, to Certify Dispositive Issues of West Virginia Law to the Supreme Court of Appeals of West Virginia* (Document 35), the *Memorandum of Law in Support of Plaintiff's Motion to Amend the Court's November 4, 2020 Judgment of Dismissal Pursuant to Fed. R. Civ. P. 59(e) or, Alternatively, to Certify Dispositive Issues of West Virginia Law to the Supreme Court of Appeals of West Virginia* (Document 36), the *Defendant's Response in Opposition to Plaintiff's Motion to Amend the Court's November 4, 2020 Judgment of Dismissal or, Alternatively, to Certify Dispositive Issues of West Virginia Law to the Supreme Court of Appeals of West Virginia* (Document 44), the *Plaintiff's Reply to Defendant's Response in Opposition to Plaintiff's Motion to Amend the Court's November 4, 2020 Judgment of Dismissal or, Alternatively, to Certify Dispositive Issues of West Virginia Law to the Supreme Court of Appeals of West Virginia* (Document 45), and the *Notice of Supplemental Authorities in*

*Support of the Cincinnati Defendants' Opposition to Plaintiff's Motion to Amend or in the Alternative, Motion to Certify* (Document 46), as well as all exhibits.

The Plaintiff in this matter is a West Virginia business that lost income as a result of a temporary shutdown, additional expenses, and lost income during the COVID-19 pandemic. The Defendants, the Cincinnati Insurance Company, the Cincinnati Casualty Company, and the Cincinnati Indemnity Company (collectively, Cincinnati), issued an all-risk commercial property coverage insurance policy to the Plaintiff. The Plaintiff sought coverage for losses due to the business interruption, contending in part that the virus causes direct physical loss or damage to the property. Cincinnati denied the claim, finding that it did not involve a direct physical loss at the Plaintiff's premises.

The Plaintiff initiated this suit, seeking declaratory judgment that coverage is available and alleging breach of contract. The Court granted Cincinnati's motion to dismiss, finding that "the unambiguous terms of the Policy do not provide coverage for solely economic losses unaccompanied by physical property damage." (Mem. Op. at 10) (Document 32.) The Plaintiff now seeks reconsideration, asking the Court to either amend its judgment or certify the issue to the West Virginia Supreme Court of Appeals. It contends that the Court's analysis did not properly weigh West Virginia precedent to predict how the West Virginia Supreme Court would rule on the issues presented.

The Plaintiff argues that the West Virginia Supreme Court has held that a physical loss may occur in the absence of structural damage to a covered property. It contends that, under West Virginia precedent, all-risk policies "are to be read expansively in favor of coverage," "great weight [is] to be given to an insured's reasonable expectations of coverage," and any ambiguities

in insurance policies must be construed in favor of coverage. (Pl.'s Mem. at 7.) It argues that inconsistent decisions interpreting similar policy language in other jurisdictions support a finding of ambiguity. The Plaintiff takes issue with the Court's consideration of decisions regarding insurance coverage related to COVID-19 closures in other jurisdictions as persuasive authority, arguing that such consideration must be framed in terms of a prediction of the West Virginia Supreme Court's likely view of the opinions. It urges the Court to find that its prior opinion rested on a clear error of law, vacate the judgment, and/or certify the issues presented to be resolved by the West Virginia Supreme Court.

The Defendants argue that the Court's decision correctly applied West Virginia law. They contend that the Plaintiff has not demonstrated a clear error of law or that upholding the decision would be a manifest injustice, as required to support a motion for reconsideration. The Defendants further argue that the request to certify questions to the West Virginia Supreme Court represents an untimely effort to get a second bite of the apple after this Court rejected the Plaintiff's theory of the case.

Rule 59(e) provides that "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has held "that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.*

Further, "mere disagreement [with the district court's ruling] does not support a Rule 59(e) motion." *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993).

The West Virginia Supreme Court has long-established principles of interpretation applicable to insurance disputes, and the Court applied those principles to the facts presented in this case. The Plaintiff rests its arguments largely on one case, *Murray v. State Farm Fire & Cas. Co.*, 509 S.E.2d 1 (W. Va. 1998). The Court addressed *Murray* and found it to be factually distinguishable. The Plaintiff suggests *Murray* supports reading a physical damage or physical loss requirement out of an insurance contract, and the Court found that *Murray* simply held that the imminent threat of a rockfall that rendered a home unsafe constitutes a physical loss.

The COVID-19 pandemic has prompted similar litigation around the country, and the Court considered cases from other jurisdictions addressing similar allegations. In doing so, the Court was not elevating non-binding authority over the binding precedent within West Virginia. Courts routinely consider cases from other jurisdictions as persuasive authority, and well-reasoned precedent based on similar factual and legal grounds would be equally persuasive to any court, including the West Virginia Supreme Court. In sum, the policy language and the state law principles guiding its interpretation provide a robust analytical framework, which the Court utilized in concluding that the Plaintiff had failed to state a viable claim. The precise factual scenario may be novel, but the legal issues are not. Certifying the issues to the West Virginia Supreme Court is unnecessary, and the Plaintiff's decision to request it after the Court had entered judgment further weighs against certification.[1]

---

1 Indeed, the Plaintiffs in a similar case, represented by the same counsel, filed a motion to certify these questions after briefing on a motion to dismiss was complete, and Judge Goodwin terminated the motion as moot in an opinion granting the motion to dismiss. *Bluegrass, LLC. v. State Auto. Mut. Ins. Co.*, No. 2:20-CV-00414, 2021 WL 42050, at *6 (S.D.W. Va. Jan. 5, 2021) (Goodwin, J.).

4

The Plaintiff's arguments amount to nothing more than disagreement with the Court's analysis, based on essentially the same reasoning and authorities presented in its initial response to the motion to dismiss. Although both parties supplied the Court with additional rulings related to insurance coverage arising from COVID-19, those cases do not constitute a change in controlling law, and they do not appreciably alter the legal landscape that existed when the Court issued its original opinion such that the ruling now appears to be clearly erroneous. Rule 59(e) is an extraordinary remedy, and the Plaintiff has not established that it is entitled to such relief.

Accordingly, after thorough review and careful consideration, the Court **ORDERS** that the Plaintiff's *Motion to Amend the Court's November 4, 2020 Judgment of Dismissal Pursuant to Fed. R. Civ. P. 59(e) or, Alternatively, to Certify Dispositive Issues of West Virginia Law to the Supreme Court of Appeals of West Virginia* (Document 35) be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: March 15, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA